An "exigent circumstance" is one which requires immediate action. When such a circumstance is coupled with probable cause to believe that a crime has been committed, officers may conduct a Fourth Amendment search or seizure absent the authority of a prior judicial warrant.
Defendant-Appellant argues that the facts and circumstances before the officers when they arrived at the door of the apartment do not rise to the level of probable cause and fail to demonstrate an exigency. We need not decide those questions, however, because the officers performed no Fourth Amendment search or seizure to which the exigent circumstance exception applies. Neither knocking on the door nor asking to speak with the other person inside rises to that level.
R.C.G.O. states that no person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
The officers were engaged in the performance of their lawful duties when, in response to a complaint and dispatch, they went to the apartment to investigate a possible domestic violence offense. In so doing, they were authorized to speak with the possible victim. Defendant-Appellant Johnson was without privilege to prevent the victim from speaking with the officers when they asked to do so, and his act was clearly done with a purpose to obstruct the performance of the officer's investigative duties. At oral argument, the State limited its case to this portion of Defendant-Appellant's conduct. I would affirm on that basis.
* * * * * * * * * * * *
Copies mailed to:
Stephanie L. Marsh Anthony R. Cicero Hon. Bill C. Littlejohn